OPINION OF THE COURT
Alan D. Marrus, J.
The District Attorney, after having secured an indictment *675 against the defendant for murder in the first degree and related charges, elected not to seek the death penalty. On January 30,1997, following a jury trial, the defendant was convicted of murder in the first degree and robbery in the first degree. This court now has the power to sentence the defendant to a minimum term of imprisonment of from 20 to 25 years, with a maximum term of life imprisonment, or to sentence the defendant to life imprisonment without parole. (CPL 400.27 [1]; Penal Law § 70.00 [3] [a] [i].) Should this court now conduct a special fact-finding hearing to consider aggravating and mitigating circumstances before making this determination?
The question arises because an Oneida County Court Judge, confronted with the same sentencing option, apparently ordered such a hearing in the case of People v Bell, as reported in an article in the New York Law Journal on December 2, 1996. (Wise, Fact Hearing on Punishment for Murder, NYLJ, Dec. 2, 1996, at 1, col 6.) According to the New York Law Journal article, the Oneida County Court sent a letter to counsel stating it was " 'appropriate and prudent’ ” to hold a hearing like the one specified in the statute for a jury in the sentencing phase of a capital case. (Id., at 6, col 5.) Such a hearing allows the District Attorney and the defendant to present evidence of aggravating and mitigating factors and the opportunity for each side to rebut the evidence presented by the other.
With all due deference to the Oneida County Court Judge who ordered this special hearing, this court is of the view that such a hearing is not authorized by the statute and is not necessary for the court to carry out its sentencing function in a fair and thoughtful manner.
New York’s, death penalty statute specifies and details numerous procedures which must be followed in the prosecution of a murder in the first degree case. The statute is crystal clear that a separate sentencing proceeding is to be conducted only when a jury must choose between a sentence of death and life imprisonment without parole: "Upon the conviction of a defendant for the offense of murder in the first degree as defined by section 125.27 of the penal law, the court shall promptly conduct a separate sentencing proceeding to determine whether the defendant shall be sentenced to death or to life imprisonment without parole pursuant to subdivision five of section 70.00 of the penal law. Nothing in this section shall be deemed to preclude the people at any time from determining that the death penalty shall not be sought in a particular *676 case, in which case the separate sentencing proceeding shall not be conducted and the court may sentence such defendant to life imprisonment without parole or to a sentence of imprisonment for the class A-l felony of murder in the first degree other than a sentence of life imprisonment without parole.” (CPL 400.27 [1].)
The Legislature has made it clear that once the District Attorney has determined not to seek the death penalty, "the separate sentencing proceeding shall not be conducted”. (CPL 400.27 [1] [emphasis added].)
This court, moreover, does not need an elaborate evidentiary hearing to make the sentencing determination. Both the prosecution and the defense will be given a full and fair opportunity to make statements and to offer presentence memoranda, letters and reports in support of their sentencing positions. The statutory provisions that govern all sentencing proceedings other than those in death penalty cases are more than adequate. to assure a fair and thoughtful sentence for a defendant facing life imprisonment without parole. (CPL arts 380, 390.) Indeed, there have been many defendants who have previously been sentenced to maximum terms of life imprisonment who, because of consecutive minimum terms, the age of the defendant at the time of sentencing, or the express recommendation of the court at the time of sentencing, have implicitly received life imprisonment without parole. Simply because the defendant here was originally exposed to the possibility of a death sentence by a jury, and may now be expressly sentenced to life imprisonment without parole by a Judge, does not require that the defendant be sentenced in any different manner than those defendants in our State prisons currently serving life imprisonment without parole.
This court, therefore, declines to conduct an evidentiary, fact-finding hearing like one specified in CPL 400.27 for death penalty cases.